IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROOFERS EDGE, INC.** <br> 6583 Merchant Place, Suite 200-B <br> Warrenton, Virginia 20187 <br><br> Plaintiff, <br><br> v. <br><br> **COAKLEY & WILLIAMS CONSTRUCTION, INC.** <br> 7475 Wisconsin Avenue, Suite 900 <br> Bethesda, Maryland 20814 <br><br> **SERVE:** <br> HIQ Maryland Corporation <br> 715 St. Paul Street, <br> Baltimore, Maryland 21202 <br> **Resident Agent for Coakley & Williams Construction, Inc.** <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br> Case No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Roofers Edge, Inc. ("Roofers"), by undersigned counsel, files this Complaint against Defendant Coakley & Williams Construction, Inc. ("Coakley" or "Defendant"), and, in support thereof, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Roofers is a corporation organized and existing under the laws of the State of Virginia, with its principal office and place of business located in Warrenton, Virginia.

2. Defendant Coakley is a corporation organized and existing under the laws of the State of Maryland, with its principal office and place of business located in Bethesda, Maryland. Defendant is engaged in the business general contracting in Maryland. Defendant is subject to the jurisdiction of this Court.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and venue is proper.

## FACTUAL BACKGROUND

4. The construction project that is the subject of this action is known as Renovations to Thomas Hunter Lowe House of Delegates (the "Project") at the Thomas Hunter Lowe House of Delegates Office Building located in Annapolis, Maryland.

5. Coakley entered into a contract (the "Prime Contract") with the State of Maryland, Department of General Services, pursuant to which Coakley was the general contractor on the Project.

6. On or around March 15, 2011, Roofers entered into a subcontract (the "Subcontract') with Coakley, pursuant to which Roofer was the roofing subcontractor on the Project. A true and correct copy of the Subcontract is attached hereto as **Exhibit 1**.

7. At various times throughout the Project, Roofers and Coakley entered into written change orders for changes to the scope of work under the Subcontract.

8. Roofers performed all work and approved change work required by its Subcontract.

9. To date, despite demand, Coakley has failed to pay Roofers $70,933.00 for base contract, plus approved change order work performed.

10. In addition, Coakley directed Roofers to perform certain other changed and/or additional work on the Project.

11. Roofers performed the changed and/or additional work.

12. To date, despite demand, Coakley has failed to pay Roofers $175,127.42 for such changed and/or additional work performed. A detailed explanation of the outstanding change orders submitted on the Project is attached hereto as **Exhibit 2**; a spreadsheet calculating the amount owed for the outstanding change orders is attached as **Exhibit 3**.

13. Roofers has made demand upon Coakley for payment in full for all amounts owed to it for the labor, services, materials, and equipment provided to the Project pursuant to the Subcontract. Coakley has failed to pay the amounts due Roofers.

14. Roofers has performed all conditions precedent under the Subcontract and under applicable law, and is entitled to recover the full amount due and owing.

## COUNT I
### (Breach of Contract – Base Subcontract plus approved change orders)

15. The allegations contained in Paragraphs 1 through 14 are specifically realleged and incorporated by reference as if fully set forth herein.

16. Pursuant to the Subcontract, Roofers performed its duties and obligations in a proper, efficient and workmanlike manner and completed all contractual obligations owed to Coakley.

17. Despite Roofers's full and proper completion of the work as set forth in the Contract, Coakley has failed to make full, complete and timely payment to Roofers for the same.

18. Coakley's failure to make full, complete and timely payment for the Work performed by Roofers on the Project constitutes a material breach of the Subcontract, thereby entitling Roofers to recover damages therefrom.

19. Roofers is entitled to be compensated, as contemplated by the Subcontract, for the performance of its Work on the Project.

20. Despite repeated requests for payment, Coakley has failed or otherwise refused to tender the outstanding base Subcontract, plus approved change orders, balance in the principal amount of $70,933.00.

21. Based upon the terms and conditions of the Subcontract, Roofers is entitled to be paid its remaining base Subcontract balance, plus approved change orders, in the principal amount of $70,933.00.

WHEREFORE, Plaintiff Roofers Edge, Inc. respectfully requests that this Court enter judgment in favor of Roofers Edge, Inc. and against Defendant Coakley & Williams Construction, Inc. in the amount of $70,933.00, plus pre-judgment interest, post-judgment interest, costs, attorneys' fees, and such other and further relief as may be deemed appropriate by the Court.

### COUNT II
### (Breach of Contract – Extra Work Claim)

22. The allegations contained in paragraphs 1 through 21 are specifically realleged and incorporated by reference as if fully set forth herein.

23. During Roofers' prosecution of Work on the Project, Coakley requested and directed Roofers to perform certain extra work outside of the original scope of the Subcontract.

24.     As a direct and proximate result of the extra out-of-scope work performed by Roofers, Roofers has incurred unanticipated additional costs and expenses in performing the additional work, for which it has not been properly compensated by Coakley.

25.     Coakley knew at the time such extra work was directed that Roofers expected to be compensated for its efforts.

26.     Despite repeated requests for payment from Roofers for the additional out-of-scope work performed on the Project, Coakley has failed or refused to remit payment to Roofers.

27.     Coakley materially breached the Subcontract, by failing to honor and fulfill its obligations with respect to the extra out-of-scope work performed by Roofers at the express request and directive from Coakley.

28.     To date, Coakley has failed to remit payment to Roofers for the extra out-of-scope work performed by it, which totals the principal sum of $175,127.42.

WHEREFORE, Plaintiff Roofers Edge, Inc. respectfully requests that this Court enter judgment in favor of Roofers Edge, Inc. and against Defendant Coakley & Williams Construction, Inc. in the amount of $175,127.42, plus pre-judgment interest, post-judgment interest, costs, attorneys' fees, and such other and further relief as may be deemed appropriate by the Court.

Dated this 24th day of October, 2013.

>Respectfully submitted,
>
>/s/ Nicole L. Cambpell
>Roger C. Jones, Bar No. 29328
>Nicole L. Campbell, Bar No. 14336
>HUDDLES JONES SORTEBERG & DACHILLE, PC
>10211 Wincopin Circle, Suite 200
>Columbia, Maryland 21044
>(410) 720-0072 (phone) (410) 720-03298 (Fax)
>jones@constructionlaw.com
>campbell@constructionlaw.com
>
>Attorneys for Roofers Edge, Inc.

OF COUNSEL
Martin R. Salzman
Georgia Bar No. 623450
Robert J. Lafayette, Jr.
Georgia Bar No. 940580
Hendrick Phillips Salzman & Flatt
230 Peachtree Street, N.W., Suite 2500
Atlanta, Georgia 30303
Telephone: (404) 522-1410
Email: mrs@hpsf-law.com
Email: rjl@hpsf-law.com